## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| ARcare  d/b/aParkin Drug Store, on behalf of itself and all others similarly situated,<br><br>117 S. 2nd Street<br>Augusta, Arkansas 72006<br><br>       Plaintiff,<br><br>v.<br><br>FDS, INC.<br>8840 Stanford Blvd #4450<br>Howard County<br>Columbia, Maryland 21045<br><br>       Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare db/a Parkin Drug Store ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaintagainst FDS, Inc. ("Defendant") for violations of the federal Telephone Consumer Protection Act and the Maryland Telephone Consumer Protection Act ("MTCPA"). Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

### INTRODUCTION

1.    This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2.    Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibitpersons within the United States from

sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3.      Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes;prevent fax machines from receiving and sending authorized faxes;and cause undue wear and tear on recipients' fax machines.Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.      The MTCPA provides a private right of action and statutory damages of $500 per violation.

6.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recoverdeclaratory relief, damages for violations of the TCPA, and an injunctionprohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendant because it operates its business in Maryland and is a Maryland corporation.

8.      This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

9.      Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

10.     Plaintiff, ARcare, d/b/a Parkin Drug Store, is an Arkansas non-profit corporation located in Augusta, Arkansas.  Among other entities, ARcare owns and operates the Parkin Drug Store and the Bald Knob Medical Clinic.

11.     Defendant FDS, Inc. is a provider of value added services to the healthcare industry in the form of competitive switching services, online claim reviews, electronic Durable Medical Equipment (DME) claims processing, market share administration, reconciliations services and pharmacy profitability management.  Itis located at 8840 Stanford Blvd #4450, Columbia, Maryland and is organized under the laws of Maryland.

## FACTS

12.     On August 10, 2015, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine.  The fax advertises low-cost third party claims management,and touts the fax recipient by asking"still looking for that missing third-party payment?" A copy of this facsimile is attached hereto and marked as Exhibit A.

13.     Exhibit A is exemplary of the junk faxes Defendant sends.

14.     Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibit A.

15.     Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

16.     Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

3

## CLASS ALLEGATIONS

17.    In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the

following class of persons (the "Class"):

> **All persons and entities who hold telephone numbers that**
> **received a facsimile transmission from Defendant at any time**
> **within the applicable statute of limitations to present (the**
> **"Class Period") that 1) promotes Defendant's products and 2)**
> **contains an opt-out notice identical or substantially similar to**
> **that contained on the facsimile advertisement attached as**
> **Exhibit A to the Complaint.**

18.    Plaintiff reserves the right to modify or amend the definition of the proposed

Class before the Court determines whether certification is proper, as more information is gleaned

in discovery.

19.    Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or

controlled person of Defendant, as well as the officers, directors, agents, servants, or employees

of Defendant and the immediate family members of any such person. Also excluded are any

judge who may preside over this case and any attorneys representing Plaintiff or the Class.

20.    <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous

that joinder is impractical. Upon information and belief, Defendant has sent illegal fax

advertisements to hundreds if not thousands of other recipients.

21.    <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply

to the claims of all Class Members and include (but are not limited to) the following:

(a)   Whether Defendant sent faxes advertising the commercial availability of

property, goods, or services;

(b)   The manner and method Defendant used to compile or obtain the list of fax

numbers to which it sent Exhibit A and other fax advertisements;

(c) Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d) Whether Defendant's advertisements contained the opt-out notice required by law;

(e) Whether Defendant sent the fax advertisements knowingly or willfully;

(f) Whether Defendant violated 47 U.S.C. § 227;

(g) Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

(h) Whether the Court should award treble damages; and

(i) Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

22.   Typicality [Fed. R. Civ. P. 23(a)(3)].  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

23.   Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24.   Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)   Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b)   Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)   Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)   The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)   This case is inherently well-suited to class treatment in that:

  (i)    Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

  (ii)   Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

  (iii)  Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

  (iv)  A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v)   A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi)  As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

### CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

25.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.     The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute.Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

27.     The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

28.     Unsolicited faxes are illegal ifthe sender and recipient do not have an "established business relationship."47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or

residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

29.     Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first pagethat complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

30.     Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

31.     Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibit A is an advertisement.

32.     Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Membersto lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax

machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

33.     In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

**COUNT TWO**
**Violations of the Telephone Consumer Protection act**
*MD Code Ann. Com. Law § 14-3201et seq.*

33.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

34.     The MTCPA provides strict liability for sending fax advertisements in a manner that does not comply with 47 U.S.C. § 227.  As set forth in Count One, Defendant's actions violate the TCPA, and accordingly, also violate the MTCPA.

35.     Each violation of the MTCPA provides for the greater of a statutory penalty of $500 or actual damages, and a reasonable attorney's fee.

**REQUEST FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)     Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b)     Declare Defendant's conduct to be unlawful under the TCPA and North Carolina Telephone Solicitation Consumer Protection Laws;

      c)      Award damages under the TCPA and the MTCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages assessed in violation of the TCPA;

      d)      Enjoin Defendant from additional violations;

      e)      Award Plaintiff and the Class their attorney's fees and costs;

      f)      Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: April 11, 2016

Respectfully submitted,

By:    /s/
Marc L. Jordan, Fed. Bar No. 25795
Jordan & Tell LLP
10 Corporate Center
10400 Little Patuxent Parkway, Suite 460
Columbia, Maryland 21044
Telephone: (443) 535-0040
Facsimile: (443) 535-0940
mjordan@jordantell.com

Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
2800 Cantrell Rd., Suite 510
Little Rock, Arkansas 72202
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505